**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFRI PAULUS, | No. 09-71296 |
| Petitioner, | Agency No. A095-630-126 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Jefri Paulus, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT"). Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence factual findings. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010).  We dismiss in part and deny in part the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on the omission from his asylum application of the kidnapings of Paulus and his wife.  *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (omitted incidents of arrest and mistreatment supported adverse credibility finding).  Further, the record does not compel acceptance of the explanation that Paulus prepared his application pro se, without any help.  *See id.* at 974.  In addition, to the extent Paulus otherwise contends he was not afforded an opportunity to explain omissions in his application, we lack jurisdiction to review Paulus's contention because he did not raise it to the BIA.  *See Barron v. Ashcroft*, 358 F.3rd 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).  Accordingly, in the absence of credible testimony, Paulus's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT protection because Paulus's CAT claim is based on the same statements the agency found not credible, and he does not point to any other evidence in the record that compels the

conclusion it is more likely than not he would be tortured if returned to Indonesia. *See id.* at 1156-57. Accordingly, Paulus's CAT claim fails.

Finally, in light of our conclusions regarding the agency's adverse credibility finding, we reject Paulus's contention that we cannot meaningfully review this case.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**